IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DEMQUARTER HEALTHCARE INVESTORS, L.P., COMPREHENSIVE ADULT REHABILITATIVE ENTERPRISE (CARE), INC., <br><br> Plaintiffs, <br><br> v. <br><br> WT CHAT PROPERTIES, LLC LANDMARK ABSTRACT AGENCY, LLC, <br><br> Defendants. | 24-cv-00133 |

## NOTICE OF REMOVAL

Defendant WT Chat Properties, LLC ("Chat Properties") removes this civil action from the Superior Court of Walton County, Georgia to the United States District Court for the Middle District of Georgia (Athens Division) under 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Chat Properties states as follows:

## BACKGROUND & PROCEDURAL HISTORY

1. Plaintiffs DemQuarter Healthcare Investors, L.P. ("DemQuarter") and Comprehensive Adult Rehabilitative Enterprise (CARE), Inc. ("CARE") filed this civil action in the Superior Court of Walton County, Georgia on July 5, 2024.

2. Plaintiffs' complaint alleges what appears to be a breach of contract claim arising out of an Escrow Holdback Agreement pertaining to $250,000.

## REMOVAL PROCEDURES

3. In accordance with 28 U.S.C. § 1446(a), Chat Properties has attached a copy of all "process, pleadings, and orders" served upon it as Exhibit 1.

4. Chat Properties received service of process in this case, and has filed this Notice of Removal within thirty days of service of the summons and complaint as required by 28 U.S.C. § 1446(b).

5. Landmark Abstract Agency, LLC's ("Landmark") consent is not required under 28 U.S.C. § 1446(b)(2)(A) because Plaintiffs did not properly serve it. A removing defendant is not required to obtain consent from a co-defendant who has not been properly served. *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) (*Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)). Because Landmark is a nonresident, service of process must be made in accordance with Georgia law. *See* O.C.G.A § 9-10-94. Under Georgia law, service of process on an LLC may be made as follows:

> by delivering a copy of the summons attached to a copy of the complaint to: (i) a limited liability company's registered agent, or (ii) if a limited liability company has no registered agent or the agent cannot with reasonable diligence be served, the limited liability company may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the limited liability company at its principal office.

O.C.G.A. § 14-11-1108. Here, Plaintiffs did not properly serve Landmark because they did not deliver the summons personally to Landmark's registered agent for

service of process nor did they mail a copy of the summons and complaint to Landmark's principal office. The Affidavit of Service states only that it served "Chaya personally[.]" It is unclear if Chaya is a first, last, or only name. It does not state that Chaya is an appropriate person to receive service under O.C.G.A. § 14-11-1108. Landmark does not list a registered agent for service of process on the New York Department of State website. Chat Properties alleges that the only proper entity to receive service under O.C.G.A. § 14-11-1108 is the New York Secretary of State. Plaintiffs failed to comply with O.C.G.A. § 14-11-1108's requirements for effective service of process upon an LLC. Consequently, Landmark's consent is not required.

6. In accordance with 28 U.S.C. § 1446(d), Chat Properties will promptly file a Notice of Filing Notice of Removal with the Superior Court of Walton County, Georgia, a copy of which is attached hereto as Exhibit 2, and Chat Properties has given written notice of this Notice of Removal to all parties by contemporaneously serving it on their counsel.

## JURISDICTION & VENUE

7. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. As required by 28 U.S.C. § 1441(a), Chat Properties has removed this case to the United States District Court for the Middle District of Georgia (Athens Division), the District Court embracing the place where the civil action is pending.

9. Moreover, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A.   Diversity of Citizenship Is Satisfied.

10. DemQuarter is a citizen of Georgia for diversity jurisdiction. It is a limited partnership that takes the citizenship of its attributable entities and persons. Its general and limited partners are Sentry Healthcare Acquirors, Inc. and Long Term Care Services, Inc. both of which are corporations formed under Georgia law with their principle place of business in Georgia.

11. CARE is a citizen of Georgia for diversity jurisdiction. It is a corporation formed under Georgia law with its principle place of business in Georgia.

12. Chat Properties is a citizen of California and Delaware for diversity jurisdiction. It is a limited liability company that takes the citizenship of its attributable entities and persons. Its attributable persons are ultimately individuals who are domiciled in California and a Trustee corporation formed under Delaware law with its principle place of business in Delaware.

13. Landmark is a citizen of New York for diversity jurisdiction. It is a limited liability company that takes the citizenship of its attributable entities and persons. Its sole member is Jacob Rekant who is domiciled in New York.

**B.     The Amount in Controversy Is Satisfied.**

14. Plaintiffs' complaint explicitly seeks the escrow funds of $250,00 or damages of $250,000, plus attorneys' fees and litigation costs. (Compl. at ¶ 19.)

15. Consequently, 28 U.S.C. § 1332(a)(1)'s amount in controversy requirement is satisfied.

## CONCLUSION

16. For the foregoing reasons, Chat Properties respectfully requests that this civil action be removed to the United States District Court for the Middle District of Georgia (Athens Division), that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted this 3rd day of September, 2024.

          **BENDIN, SUMRALL & LADNER, LLC**

          /s/  David V. Hayes
          DAVID V. HAYES
          Georgia Bar No.
          *Attorney for Defendants*

1360 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
(404) 671-3100
*dhayes@bsllaw.net*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 3rd day of September, 2024, served a true and correct copy of the within and foregoing DEFENDANT'S NOTICE OF REMOVAL upon all counsel of record by electronic filing via Odyssey Efile GA to:

John A. Christy
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Steet, NE, Suite 800
Atlanta, Georgia 30309
*jchristy@swfllp.com*

/s/  *David V. Hayes*
David V. Hayes
Georgia Bar No.
*Attorney for Defendant*

BENDIN, SUMRALL & LADNER, LLC
1360 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
(404) 671-3100
*dhayes@bsllaw.net*