IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **DEMQUARTER HEALTHCARE INVESTORS, L.P., COMPREHENSIVE ADULT REHABILITATIVE ENTERPRISE (CARE), INC.,** | * * * * * | |
| Plaintiffs, | * * | CIVIL ACTION FILE NO. |
| v. | * * | 3:24-cv-00083-CDL |
| **WT CHAT PROPERTIES, LLC LANDMARK ABSTRACT AGENCY, LLC,** | * * * * | |
| Defendants. | * | |

**MOTION FOR
LANDMARK ABSTRACT AGENCY, LLC
TO PAY ESCROWED FUNDS AT ISSUE
INTO THE REGISTRY OF THE COURT**

**COMES NOW**, Defendant Landmark Abstract Agency, LLC, ("Landmark"), pursuant to Federal Rule of Civil Procedure 67(a), and voluntarily submits itself to the jurisdiction of this Court and files this Motion for Landmark Abstract Agency, LLC to Pay Escrowed Funds at Issue into the Registry of the Court as follows:

1.

Plaintiffs and Defendants are parties to an *Escrow Holdback Agreement* entered into on the 1st day of April, 2022 in connection with the sale of a nursing

facility by Plaintiff DemQuarter Healthcare Investors, L.P. to Defendant WT Chat known as Woodland Terrace Care and Rehabilitation, 8249 Standifer Gap Road, Chattanooga, Tennessee 37421" (the "Facility").

2.

Pursuant to the *Escrow Holdback Agreement*, $250,000 (the "Escrowed Funds") from the proceeds of the sale of the Facility were deposited into escrow to be held by Landmark, as Escrow Agent.

3.

Landmark is immune from the Plaintiffs' claims for damages, costs and attorney's fees, as Section 4. of the *Escrow Holdback Agreement* <u>Exculpation and Indemnification of Escrow Agent,</u> protects Landmark from all liability and claims of the Parties as it specifically provides:

> (b) The Escrow Agent *shall not be liable for any action* taken or omitted by it, or any action suffered by it to be taken or omitted, in good faith and in the exercise of its own best judgment. The Escrow Agent may rely conclusively and shall be protected in acting upon any order, notice, demand, certificate, opinion or advice of counsel, statement, instrument, report or other paper or document (not only as to its due execution and the validity and

effectiveness of its provisions, but also as to the truth and acceptability of any information therein contained), which is believed by the Escrow Agent to be genuine and to be signed or presented by the proper person or persons.

4.

Plaintiffs/Sellers and Defendant/Purchaser, must jointly and severally indemnify Landmark for the attorney's fees and costs incurred in these legal proceedings, as Section 4 of the *Escrow Holdback Agreement*, <u>Exculpation and Indemnification of Escrow Agent</u>, requires the Plaintiffs and the Co-Defendant, as Sellers and Purchasers, to pay for all of Landmark's attorney's fees and costs as it specifically provides:

> (d) Purchaser and Seller, jointly and severally, hereby agree to protect, defend, indemnify and hold harmless the Escrow Agent from and against any and all expenses, including reasonable counsel fees and disbursements, or loss suffered by the Escrow Agent in connection with any action, suit or other proceeding involving any claim, or in connection with any claim or demand, which in any way, directly or indirectly, arises out of or relates to this

Agreement, the services of the Escrow Agent hereunder or, the monies held by it hereunder, excluding any such claims, actions, demands, losses, damages, expense, and liabilities of the Escrow Agent to the extent that they result from or arise out of any gross negligence or willful misconduct by the Escrow Agent hereunder. Except as otherwise limited by this Section 4(d), in case any action or proceeding is brought against the Escrow Agent by reason of any such claim, Purchaser and Seller hereby covenant, upon notice from the Escrow Agent, to jointly defend such action or proceeding at the sole cost and expense of Purchaser and Seller. The provisions of this Section 4(d) shall survive the termination of this Agreement.

5.

Section 4 of the *Escrow Holdback Agreement*, <u>Exculpation and Indemnification of Escrow Agent</u>, specifically provides:

(e) For the purposes hereof, the term "expense or loss" shall include all amounts paid or payable to satisfy any claim, demand or liability, or in settlement of any claim, demand, action, suit or proceeding settled with the express written consent of the Escrow Agent, and all costs and expenses, including, but not limited to, reasonable counsel fees and disbursements paid or incurred in investigating or defending against any such claim, demand, action, suit or proceeding.

6.

On April 1, 2024, Plaintiffs sent a proposed *Joint Written Instructions* to Landmark at the same time Landmark would have otherwise released the Escrowed Funds at issue.

7.

Since *Joint Written Instructions* is one of the ways in which the Escrowed Funds are to be distributed, and since the Parties were waiting for all of the signatures on the *Joint Written Instructions*, on the advice of legal counsel, Landmark decided in good faith to wait for the *Joint Written Instructions* to be signed by all Parties before disbursing the Escrowed Funds.

8.

Once Landmark realized that this matter would be litigated in court, on the advice of legal counsel, Landmark decided that it would be in the best interests of all Parties for the Escrowed Funds to be paid into the Registry of the Court and held until there is a judgment as to the disposition of the Funds.

9.

It is in the best interests of all concerned that as much of the Escrowed Funds as possible be preserved, and that it makes no sense to force Landmark to litigate and potentially deplete the Escrowed Funds reimbursing Landmark for its legal fees and expenses for having to continue litigating this case, when Landmark simply seeks to honor its contractual obligation and pay the Escrowed Funds, minus legal fees and costs, into the Registry of the Court. This would also serve the interests of judicial economy by not forcing Landmark to unnecessarily litigate this case, wasting the Court's time with extra parties and pleadings, when Landmark's only role is to pay escrowed funds to either the prevailing Plaintiffs/Sellers or prevailing Defendant/Purchaser.

10.

Although Landmark's legal fees and costs are currently six thousand dollars ($6,000) through the filing of this Motion, owed jointly and severally by

Plaintiffs/Sellers and Defendant/Purchaser, such legal fees and costs shall substantially increase if Landmark is forced to remain in this litigation, leaving less money for the prevailing Plaintiffs/Sellers or the prevailing Defendant/Purchaser.

11.

Landmark asks the Court to grant Landmark its current ($6,000) in legal fees and costs pursuant to the Parties' *Escrow Holdback Agreement* and deduct that amount from the Escrowed Funds

12.

Landmark further seeks the Court to Order Landmark to pay the remaining two hundred forty-four thousand dollars ($244,000), after payment/deduction of Landmark's legal fees and costs, into the Registry of the Court as soon as possible.

13.

Further, once Landmark has paid the two hundred forty-four thousand dollars ($244,000) of remaining Escrowed Funds into the Registry of the Court, Landmark would have no further liability and should be dismissed with prejudice from the present case, and Landmark's Counterclaim and Crossclaim for reimbursement of legal fees and costs would become moot and should be dismissed once the current six thousand dollar ($6,000) amount is Ordered and paid to Landmark and/or deducted from the Escrowed Funds.

14.

Federal Rule of Civil Procedure 67(a) provides:

Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

15.

For the sake of judicial economy, simplification of the litigation, and preservation of the Escrowed Funds, Landmark moves the Court to sign the Proposed Order pursuant to Federal Rule of Civil Procedure 67(a) as attached hereto and as also filed simultaneously with this Motion as a separate document.

**WHEREFORE**, all Parties pray:

**(1)** That the Court award Landmark its legal fees and expenses in the current amount of six thousand dollars ($6,000) to be deducted from the Escrowed Funds;

**(2)** That the Court issue an Order for Landmark to pay the remainder of the Escrowed Funds, two hundred forty-four thousand dollars ($244,000) into the registry of the Court as complete satisfaction of any and all of Landmark's liabilities and obligations to the other Parties in this lawsuit;

**(3)** That the Court dismiss Landmark from this lawsuit with prejudice upon Landmark's payment of the Ordered Escrowed Funds into the Registry of the Court;

(4) That upon payment of the Ordered amount of Escrowed Funds into the Registry of the Court and the Court's dismissal of Landmark from this Lawsuit, that the Court also dismiss Landmark's Counterclaim and Crossclaim; and

(5) That the Court grant such other and further relief as the Court deems just and proper.

This 7th day of November, 2024.

/s/ Clifford M. Weiss
GA Bar No. 746473
3340 Peachtree Rd., Suite 1800
Atlanta, GA 30326
cmweiss@foxweiss.com
770-317-1767
Attorney for Landmark Abstract Agency, LLC

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **DEMQUARTER HEALTHCARE INVESTORS, L.P., COMPREHENSIVE ADULT REHABILITATIVE ENTERPRISE (CARE), INC.,** | * * * * * | |
| Plaintiffs, | * * | **CIVIL ACTION FILE NO.** |
| v. | * * | **3:24-cv-00083-CDL** |
| **WT CHAT PROPERTIES, LLC LANDMARK ABSTRACT AGENCY, LLC,** | * * * * | |
| Defendants. | * | |

## ORDER FOR
## LANDMARK ABSTRACT AGENCY, LLC
## TO PAY ESCROWED FUNDS AT ISSUE
## INTO THE REGISTRY OF THE COURT

UPON review of Landmark's Motion for Landmark Abstract Agency, LLC to Pay Escrowed Funds at Issue into the Registry of the Court, and upon consideration of the applicable law, the Court hereby ORDERS as follows:

(1)   Landmark is awarded its legal fees and expenses in the amount of six thousand dollars ($6,000);

(2)     Landmark is ordered to pay the remainder of the Escrowed Funds, two hundred forty-four thousand dollars ($244,000) into the registry of the Court as complete satisfaction of any and all of Landmark's liabilities and obligations to the other Parties in this lawsuit; and

(3)     Landmark shall be dismissed from this lawsuit with prejudice upon Landmark's payment of the Ordered Escrowed Funds into the Registry of the Court, and Landmark's Counterclaim and Crossclaim shall be dismissed as moot.

So ORDERED, this _____ day of November, 2024.

_____
Hon. Clay D. Land
U.S. District Court Judge
Middle District of Georgia

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **DEMQUARTER HEALTHCARE INVESTORS, L.P., COMPREHENSIVE ADULT REHABILITATIVE ENTERPRISE (CARE), INC.,** | * * * * * | |
| Plaintiffs, | * * | CIVIL ACTION FILE NO. |
| v. | * * | 3:24-cv-00083-CDL |
| **WT CHAT PROPERTIES, LLC LANDMARK ABSTRACT AGENCY, LLC,** | * * * * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing **Motion for Landmark Abstract Agency, LLC to Pay the Escrowed Funds at Issue into the Registry of the Court**, and **Proposed Order** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record and by direct email:

David V. Hayes
1360 Peachtree Street, N.E. Suite 800
Atlanta, GA 30309
dhayes@bsllaw.net

John A. Christy
1100 Peachtree Steet, NE, Suite 800

Atlanta, Georgia 30309
jchristy@swfllp.com

/s/ Clifford M. Weiss
GA Bar No. 746473
3340 Peachtree Rd., Suite 1800
Atlanta, GA 30326
cmweiss@foxweiss.com
770-317-1767
Attorney for Landmark Abstract Agency, LLC