```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| DEMQUARTER HEALTHCARE INVESTORS, L.P., and COMPREHENSIVE ADULT REHABILITATIVE ENTERPRISE (CARE), INC., | * * * |
| Plaintiffs, | * |
| vs. | *   CASE NO. 3:24-CV-83 (CDL) |
| WT CHAT PROPERTIES, LLC and LANDMARK ABSTRACT AGENCY, LLC, | * * |
| Defendants. | * * |

## O R D E R

Plaintiffs filed this breach of contract action against WT Chat Properties, LLC and Landmark Abstract Agency, LLC in the Superior Court of Walton County, Georgia. Compl., ECF No. 1-1. WT Chat removed the action to this Court. Plaintiffs contend that this action was not properly removed, and they filed a motion to remand the action to the Superior Court of Walton County. As discussed below, the Court grants the motion to remand (ECF No. 9). All other pending motions are moot.

## DISCUSSION

Plaintiffs filed this action in the Walton County Superior Court. On July 26, 2024, a Nassau County, New York sheriff's deputy personally served the summons and complaint on Landmark Abstract Agency, LLC by delivering the papers to a person named

Chaya at 207 Rockaway Turnpike in Lawrence, New York. Proof of Service, ECF No. 17. Plaintiffs assert that the person served was Chaya Teitelbaum, a Clearance Officer of Landmark at Landmark's principal office in Nassau County, New York who works on litigation in which Landmark is involved. Plaintiffs then served WT Chat via its registered agent on July 29, 2024. WT Chat removed the action to this Court on September 3, 2024 without first obtaining Landmark's consent.[1] Plaintiffs timely filed a motion to remand, asserting that the removal was defective because WT Chat did not obtain Landmark's consent before removal.

As the removing party, WT Chat has the burden to prove that removal was proper. Generally, an action can only be removed if all defendants who were "properly joined and served" joined in or consented to the removal. 28 U.S.C. § 1446(b)(2)(A). The unanimity requirement, though, does not apply where there is no evidence that a defendant was served or where the record establishes that service was improper under applicable law. In *Johnson v. Wellborn*, for example, no consent was required where the proof of service showed that the plaintiff tried to serve the non-consenting defendant by e-mail and U.S. mail—methods that were not authorized under applicable law. 418 F. App'x 809, 815 (11th Cir. 2011) (per curiam).

---

[1] Plaintiffs do not appear to challenge the timeliness of WT Chat's removal.

Here, WT Chat argues that it did not need Landmark's consent for removal because Plaintiffs' service on Landmark was defective. Under Georgia law, a foreign limited liability company like Landmark that is not authorized to do business in Georgia "may be served with a summons outside the state in the same manner as service is made within the state." O.C.G.A. § 9-10-94. So, Landmark could be served "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." O.C.G.A. § 9-11-4(e)(7). An "agent authorized to receive service" is a person "whose position is 'such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him.' " *Ogles v. Globe Oil Co., U.S.A.*, 320 S.E.2d 848, 849 (Ga. Ct. App. 1984) (quoting *Scott v. Atlanta Dairies Coop.*, 238 S.E.2d 340, 343 (Ga. 1977)) (finding that a store manager was authorized to receive service).

WT Chat acknowledges that Plaintiffs submitted the affidavit of the deputy sheriff who delivered the summons and complaint to a person named Chaya at Landmark's principal office. Proof of Service, ECF No. 17. The affidavit includes a physical description of Chaya. *Id.* Therefore, the affidavit, which is "prima facie proof of the facts recited therein," establishes that the deputy sheriff served Landmark by delivering copies of the summons and complaint to a person named Chaya at Landmark's principal office.

3

*Yelle v. U.S. Suburban Press, Inc.*, 453 S.E.2d 108, 110 (Ga. Ct. App. 1995). WT Chat does not dispute that if Chaya was authorized to accept service on behalf of Landmark, then service was proper. WT Chat did not respond to Plaintiffs' assertions about who Chaya is and why she is authorized to receive service. Rather, WT Chat contends that service was defective because the affidavit of service does not, standing alone, provide additional details to show that Chaya was authorized to accept service.

Again, as the removing party, WT Chat has the burden to show that removal was proper. WT Chat did not point to any evidence to show that Chaya was not served, that the address was not Landmark's principal office, or that Chaya did not have authority to accept service. *Cf. Yelle*, 453 S.E.2d at 110 (finding that the defendant overcame the prima facie presumption of proper service by submitting undisputed evidence that the residence where service was made was not his dwelling house or usual place of abode). WT Chat did not rebut Plaintiffs' assertion that the person served was Chaya Teitlebaum, a Clearance Officer for Landmark who was qualified to accept service of process for Landmark because her position affords reasonable assurance that she will inform Landmark of the service. And, WT Chat does not argue that Chaya Teitlebaum was not authorized to accept service for Landmark. The Court is thus not convinced that WT Chat has demonstrated that

4

Plaintiffs' service on Landmark was improper such that Landmark's consent to removal was not required.[2]

WT Chat contends that even if Landmark was properly served, Landmark consented to the removal because it eventually filed an answer to the complaint and submitted to the Court's jurisdiction by making a crossclaim against WT Chat. Under 28 U.S.C. § 1446(b)(2)(B), each defendant has thirty days after service to file a notice of removal. Therefore, if Landmark had removed the action, its deadline would have been August 26, 2024. But when a later-served defendant files a notice of removal, an earlier-served defendant may consent to the removal even if it did not previously initiate or consent to the removal; in such cases, the deadline to consent is the date of the removal. *See* 28 U.S.C. § 1446(b)(2)(C). So, WT Chat needed Landmark's consent by September 3, 2024 at the latest, but it did not obtain consent. Even if filing the answer were sufficient to establish that Landmark implicitly consented to removal, Landmark did not file the answer until October 15, 2024—more than thirty days after WT

---

[2] The Court is not finding that Landmark was properly served. Since insufficient service of process is a waivable defense, one defendant cannot assert it on behalf of a co-defendant, and the issue of whether Landmark can establish the defense is not before the Court. The current question is whether WT Chat established that removal was proper. To do that, WT Chat needed to rebut Plaintiffs' assertion that Chaya was authorized to accept service for Landmark. WT Chat did not do so. This case is thus distinguishable from *Johnson*, where it was obvious that the plaintiff's attempted service on the non-consenting defendant by e-mail and U.S. Mail was improper. 418 F. App'x at 815.

Chat filed the notice of removal. Accordingly, WT Chat did not timely obtain consent to the removal, so removal was defective. For these reasons, the Court grants Plaintiffs' motion to remand (ECF No. 9).

CONCLUSION

As discussed above, the Court grants Plaintiffs' motion to remand (ECF No. 9). This action is hereby remanded to the Superior Court of Walton County. All other pending motions are terminated as moot.

IT IS SO ORDERED, this 13th day of November, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA